| | |
|---|---|
| | |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CONSIGLIO, JR., | Case No. 1:18-cv-00669-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| COALINGA STATE HOSPITAL, et al., | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE |
| Defendants. | |
| | (ECF Nos. 8, 9) |
| | **FOURTEEN (14) DAY DEADLINE** |

**I.      Background**

Plaintiff Sam Consiglio, Jr. ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On November 30, 2018, the Court issued a screening order finding that Plaintiff's complaint fails to state a cognizable claim for relief, and granting Plaintiff leave to file an amended complaint or a notice of voluntary dismissal within thirty (30) days. (ECF No. 8.) Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with

1

the Court's order, this action would be dismissed for failure to state a claim and failure to obey a court order. (Id. at 8.) Following the expiration of the deadline for Plaintiff to file a first amended complaint, the Court ordered Plaintiff to show cause in writing within twenty (20) days, why this action should not be dismissed for failure to comply with the Court's November 30, 2018 order, the failure to prosecute, and the failure to state a claim upon which relief may be granted. (ECF No. 9.) The deadline for Plaintiff's response was February 6, 2019, and Plaintiff has not complied with the Court's order or otherwise communicated with the Court.

## II. Failure to State a Claim

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that

a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff names the following defendants: (1) Coalinga State Hospital, Inc.; and (2) Brandon Price, Executive Director.

In Claim I, Plaintiff alleges as follows:

> Coalinga State Hospital, Inc. is a very corrupt corporation and many of the staff are corrupt as well, especially Brandon Price the Program Director. A class action needs to be filed in this matter but Plaintiff is unable to afford an attorney. Plaintiff pleads for this court to appoint Janice Bellucci or any other competent attorney in order to put an end to this corruption. Coalinga State Hospital, Inc. and Brandon Price are being sued in their professional and personal capacity. Prior to June 22, 2017, there were no package restrictions for patients at Coalinga State Hospital mainly because of their civil detainee status and that their treatment should not be punitive. Title 9 is for state prisoners, not meant for SVP patients. On 6/22/17, Brandon Price issued the enclosed memo restricting the size and number of packages as well as stamps and juice. In May 2018, he was ordered to rescind that memo and he then retaliated by issuing more restrictions. See enclosed memo dated 5/7/18 which is clearly retaliatory and violates the U.S. Constitution.

(ECF No. 1 at 3.) Plaintiff further alleges that by denying due process, Defendants have caused irreparable harm when all packages were returned to sender. Plaintiff contends that Defendants cannot be allowed to retaliate by placing restrictions on packages, and once the June 22 memo was rescinded, the limits on packages should have been restored. (Id.)

In Claim II, Plaintiff alleges as follows:

> Title 9 can only be applied to prisoners. Title 9 can not be applied to civil detainees at Coalinga State Hospital. Defendants had no legal right to restrict packages for civil detainees on 6/22/17 and when they were ordered to rescind that illegal 6/22/17 memo, they had no legal right to retaliate against all patients by placing even more severe restrictions on packages and the Defendants then compounded these violations of the U.S. Constitution by denying Due Process. Defendants are being sued in their professional and personal capacity.

(Id. at 4.)

///

Plaintiff is not seeking monetary damages. Instead, he is requesting a restraining order. (Id. at 5.)

**C.      Discussion**

    **1.      Class Action**

Plaintiff purports to bring this suit as a class action. However, a *pro se* litigant may not bring a class action on behalf of others. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"). Accordingly, because Plaintiff is proceeding *pro se*, he cannot assert claims on behalf of other Coalinga State Hospital civil detainees.

    **2.      Right to Send and Receive Mail**

Plaintiff appears to complain about restrictions on his right to receive mail. For a civil detainee, "any restrictions on his First Amendment rights to send and receive mail must be non-punitive." Rainwater v. McGinniss, No. 2:11-cv-0030 GGH P, 2012 WL 3308894 at *12 (E.D. Cal. August 13, 2012), citing Robinson v. Joya, 2010 WL 890437, at *7 (E.D. Cal. March 8, 2010); Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004). "To show that restrictions are punitive, a plaintiff must show that the challenged restrictions are expressly intended to punish, the restrictions serve a non-punitive purpose but are nonetheless excessive, or that the legitimate purpose could be accomplished with less restrictive or harsh methods." Id. (citing Jones, 393 F.3d at 932); see also Bell v. Wolfish, 441 U.S. 520, 539 (1979).

Plaintiff's complaint does not include sufficient facts for the Court to determine that he has stated a cognizable claim for relief. Plaintiff's conclusory assertions that his rights were violated by restrictions on the size and number of packages he can receive are not sufficient. Plaintiff does not demonstrate that the restrictions are intended to punish, are excessive or that there are less restrictive methods. Rather, the exhibits attached to the complaint suggest that the package restrictions were adopted to reduce intoxication and "improve the safety of staff and patients" because "[e]xcess property, pruno, illegal substances, and excess stamps all have a nexus to extortion, adverse medical outcomes, and violence." (ECF No. 1 at 7.) By imposing the

4

restrictions, the institution anticipated "a reduction in violence and safer working conditions for staff and a safer living and treatment environment for the patient population." (Id.) Thus, it appears that the package restrictions were imposed with the objective to reduce violence and improve safety. If a particular condition or restriction of civil commitment is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment. Allen v. Mayberg, No. 1:06-cv-01801-BLW-LMB, 2013 WL 3992016, at *3 (E.D. Cal. Aug. 1, 2013).

### 3. Due Process

Civil detainees enjoy constitutional protection under the Fourteenth Amendment's Due Process Clause, which protects against state facilities' imposition of restrictions and other general conditions of confinement that do not reasonably serve a legitimate, non-punitive government objective. Williams v. Rego, No. 1:17-CV-01273-GSA-PC, 2018 WL 3455405, at *4 (E.D. Cal. July 18, 2018). Here, the nature of Plaintiff's due process claim is not entirely clear. That is, the Court cannot determine from the allegations whether Plaintiff is complaining about the procedural mechanism for implementing the regulations at issue, the actions in denying him particular packages, or both.

### 4. Retaliation

Civil detainees are protected from retaliation by the First Amendment. See Williams, 2018 WL 3455405, at *5. A viable claim of First Amendment retaliation by a civil detainee entails five elements: (1) An assertion that a state actor took some adverse action against plaintiff (2) because of (3) that plaintiff's protected conduct, and that such action (4) chilled the plaintiff's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. See Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff does not allege facts to demonstrate that any defendant acted in retaliation for any protected conduct by Plaintiff. Conclusory allegations of retaliation are not sufficient to state a claim.

///
///
///

**III.    Failure to Prosecute and Failure to Obey a Court Order**

   **A.    Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

   **B.    Discussion**

Here, the action has been pending since May 2018, and Plaintiff's first amended complaint is overdue. The Court cannot hold this case in abeyance awaiting compliance by Plaintiff. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes

progress in that direction," which is the case here.  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's November 30, 2018 screening order expressly warned Plaintiff that his failure to comply with that order would result in a recommendation to dismiss this action, with prejudice, for failure to obey a court order and failure to state a claim.  (ECF No. 8, p. 6.)  In addition, the Court's January 14, 2019 order to show cause further warned Plaintiff that failure to comply with that order would result in dismissal of this action.  (ECF No. 9, p. 2.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

## IV.    Conclusion and Recommendations

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, for the reasons stated above, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915A, failure to obey the Court's orders (ECF Nos. 8, 9), and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 20, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE